UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAMMIE SINGLETON,

           Plaintiff,

v.                                Case No. 3:11-cv-70-J-12TEM

FS #7084, et al.,

           Defendants.

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, an inmate incarcerated in the Duval County Jail, who is proceeding pro se and in forma pauperis, initiated this action by filing a civil rights complaint (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983. He generally complains about the deprivation of his right to access to the courts, specifically with regard to the denial of legal material sent to him by his family and his limited access to the institutional law library. As relief, he seeks $250,000.00 in compensatory damages and "absolute discharge from confinement." Complaint at 10.

The Prison Litigation Reform Act (hereinafter PLRA) requires this Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). It should be noted, however, that this court will not act as a super appellate court reviewing state court proceedings. Estelle v. McGuire, 502 U.S. 62, 67 (1991). Plaintiff is apparently frustrated with the Florida criminal court system; however, he has not satisfactorily alleged a constitutional deficiency to satisfy the elements of 42 U.S.C. § 1983.

2

Plaintiff complains that he has a court order to attend the law library from a state court judge. He has not alleged that he has sought relief in the state court system based on that state court order; the state court system is the place to seek such relief pursuant to the state court's order. To the extent that Plaintiff is seeking the dismissal of his criminal case and release from jail, Plaintiff is actually seeking habeas relief. The proper avenue to seek such relief is through a petition for writ of habeas corpus, after exhausting state court remedies. See 28 U.S.C. § 2254.

Plaintiff complains that he has not been able to represent himself adequately in his criminal case because he has had legal materials seized while he has been incarcerated. Plaintiff has failed to provide the Court with any operative facts as to the reason why materials sent to the jail from his family were seized. Of course, if the materials were sent to the jail and for some reason the materials were not in compliance with institutional rules, seizure of the materials may have been appropriate to ensure the safety and security of the institution. Plaintiff's vague and conclusory allegations will not support a § 1983 action. Moreover, since Plaintiff was entitled to counsel for his criminal trial and apparently rejected the provision of court-appointed counsel, he cannot support a claim of denial of access to the courts. An explanation follows.

Plaintiff complains that he has been given limited access to the law library and he was left "unprepared to submit a sufficient defense on my behalf." Complaint at 9. The Eleventh Circuit has recognized:

> The Fourteenth Amendment gives prisoners a right of access to the courts. Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998). Inmates are not, however, guaranteed "the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," but are only assured "[t]he tools . . . need[ed] in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis v. Casey, 518 U.S. 343, 354-55, 116 S.Ct. 2174, 2181-82, 135 L.Ed.2d 606 (1996); see also Wilson, 163 F.3d at 1290. "The limited types of legal claims protected by the access-to-courts right [are] non-frivolous appeals from a conviction, habeas petitions, or civil rights suits." Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir.), cert. denied, — U.S. —, 129 S.Ct. 104, 172 L.Ed.2d 33 (2008).
>
> A constitutional prerequisite to a claim of denial of access to the courts is that the complainant must show "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." Id. (internal quotes and citations omitted). We have noted that missing filing deadlines is an example of an actual injury. Wilson, 163 F.3d at 1290 n. 10.

Hall v. Sec'y for the Dep't of Corr., 304 Fed.Appx. 848, 849-50 (11th Cir. 2008) (per curiam) (not selected for publication in the Federal Reporter), cert. denied, 129 S.Ct. 2440 (2009).

Here, apparently, Plaintiff elected to represent himself in his criminal case, declining to be represented by a lawyer with unlimited access to legal materials. Plaintiff now complains about the extent of his access to the institutional law library and the difficulty in receiving legal materials from his family. The Court is convinced that the Complaint is frivolous as it appears that the Plaintiff has little or no chance of success on a claim of constitutional deprivation.

In Kane v. Garcia Espitia, 546 U.S. 9, 10 (2005) (per curiam), the Supreme Court of the United States held that there was no clearly established right under federal law to access to a jail law library while a pretrial detainee is proceeding as a *pro se* defendant in a criminal case. This Court, in rejecting an access to courts claim raised in a habeas petition, said:

> In fact, the Supreme Court has acknowledged that there is a Circuit split on the issue of whether defendants who voluntarily decline publicly funded counsel and choose to represent themselves have no constitutional right of access to a law library. See Kane v. Garcia Espitia, 546 U.S. 9, 126 S.Ct. 407, 163 L.Ed.2d 10 (2005) (acknowledging but declining to resolve issue of whether defendants who voluntarily decline publicly funded counsel and choose to represent themselves have no constitutional right of access to a law library). See, e.g., Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996) ("having

> rejected the assistance of court appointed counsel, Degrate had no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial").

Davis v. Sec'y, Dep't of Corr., No. 8:06-CV-1528-T-27MAP, 2009 WL 2252329, at *7 (M.D. Fla. July 28, 2009) (not reported in F.Supp.2d).

Although this is a civil rights action, the same reasoning applies; there is no constitutional right to access a law library in preparing a *pro se* defense in a criminal case. See Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996) (per curiam) (in a § 1983 action, finding no constitutional right to access a law library in preparing a *pro se* defense in a criminal trial upon the defendant's rejection of the assistance of court-appointed counsel). "The offer of court-appointed counsel satisfies a state's obligation to provide meaningful access to the courts." Daker v. Ferrero, No. 1:03-CV-2526-RWS, 2008 WL 822190, at *11 (N.D. Ga. Mar. 26, 2008) (not reported in F.Supp.2d). Plaintiff has not asserted that Florida failed to meet its obligation to offer court-appointed counsel to assist him in defense of the state criminal charges. Simply by offering counsel, a state meets its obligation. Plaintiff does not have a "constitutional right to *choose* between an offer of counsel and an adequate prison law library." Id. at *12.

Plaintiff would have to allege that he has been impeded in "his pursuit of a non-frivolous, post-conviction claim or civil

rights action, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case seeking to vindicate basic constitutional rights." Redd v. Conway, 160 Fed.Appx. 858, 862 (11th Cir. 2005) (per curiam) (not selected for publication in the Federal Reporter) (citing Lewis v. Casey, 518 U.S. 343, 348-54 (1996)), cert. denied, 549 U.S. 833 (2006). He has not done so in this action; therefore, he would not meet the requirement of showing actual injury to satisfy the requirements of a First Amendment claim. Lewis, 518 U.S. 349-51.

It appears that Plaintiff is attempting to hold Sheriff Rutherford liable on a theory of respondeat superior. The Eleventh Circuit has said:

> "[S]upervisory officials are not liable under § 1983 for unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quotation omitted). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Id. (quotation and brackets omitted). "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Id. (quotation omitted). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Id. (quotation omitted). A causal connection could also be established

> and supervisory liability imposed where the supervisor's improper custom or policy "results in deliberate indifference to constitutional rights." Id. (quotation omitted).

Simpson v. Stewart, No. 09-11647, 2010 WL 2712129, *1 (11th Cir. July 9, 2010) (per curiam) (not selected for publication in the Federal Reporter). Plaintiff has failed to allege that Defendant Rutherford personally participated in any unconstitutional conduct. Further, he has not alleged any causal connection between the actions or inactions of Defendant Rutherford and any constitutional deprivation.

Finally, this action must also be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(e):

> Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This statute is intended to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints. See Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000) (en banc) (surveying the legislative history of the PLRA). An action barred by § 1997e(e) is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice by the district court, allowing the prisoner to bring his claim once released and, presumably, once the litigation cost-benefit balance is restored to normal. Id. at 980.
>
> Tracking the language of the statute, § 1997e(e) applies only to lawsuits involving

8

> (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody. In Harris, we decided that the phrase "Federal civil action" means all federal claims, including constitutional claims. 216 F.3d at 984-85.

Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004).

Here, Plaintiff is bringing a federal civil action, he is a prisoner, and his alleged injuries occurred while he was in custody. Furthermore, Plaintiff did not suffer any physical injury. He is seeking compensatory damages, not nominal damages. Therefore, to the extent he is seeking damages for mental or emotional injuries, his action is barred by § 1997e(e) as long as he remains incarcerated.

Accordingly, for all of the above-stated reasons, this case will be dismissed without prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 14TH day of February, 2011.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

sa 2/10
c:
Sammie Singleton